IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC DRAKE,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, AND FEDEX EXPRESS FSC MERGER SUB, LLC<br><br>Defendants. | Civil Action No. 1:24-cv-00423-CFC |

Eric Drake, Duluth, Georgia, Pro Se.

Michele D. Allen, ALLEN & ASSOCIATES, Wilmington, Delaware

*Counsel for Defendants*

**MEMORANDUM OPINION**

January 28, 2024
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff Eric Drake has sued Defendants FedEx Ground Package System, Inc. (FGPS), FedEx Corporation, and FedEx Express FSC Merger Sub, LLC (FedEx Express), alleging civil rights violations under 42 U.S.C. § 1981. D.I. 2. Drake proceeds *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). Before the Court is Defendants' Motion to Dismiss or in the Alternative to Transfer Venue (D.I. 6).

I.   **BACKGROUND**

This action is in all material respects the same action Drake filed against FGPS, FedEx Corporation, and Frederick W. Smith, among other defendants, in the United States District Court for the Western District of Tennessee. *See* Complaint, *Drake v. FedEx Ground Package Sys., Inc.*, No. 2:21-cv-02636 (W.D. Tenn. Oct. 7, 2021), ECF No. 1. As he did in the Western District case, Drake alleges in this action that FGPS engaged in intentional racial discrimination in contracting when a FedEx employee delayed the delivery of Drake's package by two days and used racial slurs against Drake, who is African American. *See* D.I. 7-1 at ¶¶ 16–104; D.I. 2 at ¶¶ 25–114.

The district court in the Western District transferred the case to the Northern District of Texas under 28 U.S.C. § 1404(a) because the events giving rise to the

suit occurred in Texas, the suit had no connection to the Western District of Tennessee, and Drake's choice of forum was likely informed by filing restrictions that he faces in Texas federal courts and therefore Drake's choice of the Western District of Tennessee as a forum deserved limited deference. *Drake v. FedEx Ground Package Sys., Inc.*, 2024 WL 1509677, at *4–8 (W.D. Tenn. Feb. 12, 2024).

"As a result of his vexatious filing history," Drake is prohibited from prosecuting any lawsuit in a court that lies within the Fifth Federal Judicial Circuit until he pays a $2,000 sanction, and, then, only if he receives permission from the court. *See* D.I. 7-3. After the case was transferred to the Northern District of Texas, the district court there gave Drake thirty days to comply with this filing restriction. *See* D.I. 7-3. When Drake did not pay his sanction, the court closed his case. Order, *Drake v. FedEx Ground Package Sys., Inc.*, No. 3:24-cv-00571-X-BK (N.D. Tex. Apr. 5, 2024), ECF 96.

Drake then initiated this action with the filing of a complaint that is essentially identical to the third amended complaint he filed in Western District of Tennessee. *Compare* D.I. 2 and D.I. 7-1. Drake requests the same relief he sought in the Western District: damages for alleged racial discrimination by a FedEx delivery driver on December 16, 2020. D.I. 2 ¶ 2. Drake alleges that the driver's racially discriminatory language, as well as FGPS's failure to train and

2

supervise the driver, impaired Drake from enforcing his existing contractual relationship with FGPS to have a package delivered to him, and thus, in Drake's view, violated § 1981. D.I. 2 ¶¶ 31–114.

The alleged discriminatory acts and the delayed package delivery occurred entirely in the Northern District of Texas. D.I. 2 ¶ 78. The sole connection Delaware has with the case is the fact that all three Defendants are Delaware entities. D.I. 2 ¶¶ 6–8.

## II. LEGAL STANDARDS

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Since Drake does not consent to a transfer of the action to the Northern District of Texas, a transfer to that court is permitted under § 1404(a) only if the case "might have been brought" there.

Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the Third Circuit identified in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), twelve interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim

3

arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

[7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id* at 879–80 (citations omitted).

### III. DISCUSSION

Defendants have consented to personal jurisdiction in the Northern District of Texas by requesting transfer to that district. *See* 28 U.S.C. § 1391(c)(2) and § 1391(b)(1). In addition, all the events giving rise to this suit occurred in Dallas, Texas, which is located in the Northern District of Texas. 28 U.S.C. § 1391(b)(2). The *Jumara* factors weigh heavily in favor of transferring the case to the Northern District of Texas, and therefore I will grant Defendants' request to transfer the case.

1. **Plaintiff's Forum Preference**

This factor typically weighs against strongly against transfer. Indeed, the plaintiff's choice of venue is given "paramount consideration" in the normal case. *VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650, at *2–*6 (D. Del. Oct. 29, 2018). This plaintiff and this case, however, are anything but normal.

Drake is a prolific and, all too often, abusive filer of suits in federal and state courts. He currently has three cases pending in this court. As best I can tell, he has filed more than 140 cases or appeals in federal courts in thirteen states over the course of the last two decades. *See Drake v. Niello Co.*, 2020 WL 1182575, at *4 (E.D. Cal. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1937760 (E.D. Cal. Apr. 22, 2020). Drake claims a wide variety of domiciles using P.O. Box addresses and files suits under different variations of his name, or even pseudonyms. *See Drake v. U.S. Freedom Cap., LLC,* 2021 WL 3566859, at *9 (N.D. Ga. Aug. 12, 2021) (listing examples of his pseudonyms, such as "Eric Erpel"); *Drake v. 7-Eleven Inc.*, 2020 WL 4196189 at *3 n.3 (S.D. Ga. June 26, 2020) (identifying at least seven domiciles claimed by Drake over the course of two years); *Drake v. Apple, Inc.*, 2024 WL 4891948 (W.D. Wis. Nov. 26, 2024) (transferring Drake's case *sua sponte* for improper venue after he would not submit a sworn document explaining the basis for his prior assertion of Wisconsin

citizenship, but rather alleged to have "mistakenly called himself a Wisconsin citizen because of a cutting-and-pasting error.")

Federal courts in Texas and Georgia have deemed Drake a "vexatious litigant" and subjected him to filing restrictions and fines because of his "insulting and disparaging" pleadings and "abusive attempts to sue judges, the spouses of lawyers, and anyone who had displeased him in even the most tenuous connection with a seemingly unlimited array of claims." *Drake v. Travelers Indem. Co.*, 2022 WL 4138355 at *1, *3 (5th Cir. Apr. 28, 2022); *Drake v. Travelers Com. Ins. Co.*, 2020 WL 3454585 (S.D. Ga. May 27, 2020), *report and recommendation adopted*, 2020 WL 3453853 (S.D. Ga. June 24, 2020). Because of his litigation abuses in the United States District Court for the Eastern District of California, the court there has warned Drake that "the filing of any future lawsuit determined to be frivolous or harassing in nature will likely result in the imposition of monetary sanctions against [him]." *Drake v. Niello Co.*, 2020 WL 1182575, at *4 (E.D. Cal. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1937760 (E.D. Cal. Apr. 22, 2020). Texas state courts have also deemed Drake to be a vexatious litigant, and he is prohibited from filing suits in those courts unless he receives authorization from an administrative judge. *See Drake v. Costume Armour, Inc.*, 736 F. App'x 505 (5th Cir. 2018).

This case is Drake's second effort to circumvent the filing restrictions put in place by the Fifth Circuit. And I will follow the lead of the Western District and not give the deference to Drake's forum choice that a plaintiff's choice normally enjoys. *See Drake v. FedEx Ground Package Sys., Inc.*, 2024 WL 1509677, at *6. Indeed, I will go one step further and give no deference to Drake's forum choice. To do otherwise would in effect make this court a sanctuary jurisdiction in which Drake could evade the penalties and restrictions imposed by the Fifth Circuit. *See In re Tripati,* 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("Transfer is indeed appropriate . . . to avoid the prospect of a litigant using one district court as a safe haven from the lawful orders of another."). Accordingly, this factor is neutral.

### 2. Defendant's Forum Preference

This factor favors transfer.

### 3. Whether the Claim Arose Elsewhere

This factor favors transfer. None of the events giving rise to Drake's claims occurred in Delaware. All the alleged facts giving rise to the complaint occurred in Dallas, Texas. D.I. 2 ¶ 78. "[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.,* 797 F. Supp. 2d 472, 481 (D. Del. 2011) (internal citation omitted).

7

### 4.  The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor favors transfer.  Courts determine the convenience of the forum by considering: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties in traveling to Delaware—as opposed to the proposed transferee district—for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Tumbaga v. Equifax Info. Servs., LLC*, 2020 WL 4673907, at *3 (D. Del Aug. 12, 2020).  Drake is not a resident of Delaware. He has provided an address in Dallas, Texas, and claims to be a citizen of Georgia. D.I. 2-2; D.I. 2 ¶ 15.  Potential witnesses, like the FedEx employee Drake accuses of casting slurs against him or the individual Drake alleges overheard the incident, *see* D.I. 2 ¶ 130, are more likely to reside in Texas, where the incident occurred.  It is true that Defendants are Delaware entities, but on balance, this factor favors transfer.

### 5.  The Convenience of Witnesses to the Extent They May Actually be Unavailable for Trial in One of the Fora

This factor is neutral, as neither party alleges that any witnesses would be unavailable for trial in either forum.

### 6.  The Location of Books and Records

This factor is neutral.  *Jumara* instructs me to give weight to the location of books and records only "to the extent that the files [and other documentary

8

evidence] could not be produced in the alternative forum." 55 F.3d at 879. Neither party alleges that the books and records in this action could not be produced in either forum.

### 7.    The Enforceability of the Judgment

This factor is neutral, as there are no allegations that a judgment would be unenforceable in either forum.

### 8.    Practical Considerations

This factor favors transfer. *Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. Neither Drake nor Defendants has a connection with Delaware other than Defendants' corporate status. *See Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*, 2022 WL 1046258, at *3 (D. Del. 2022) (finding *Jumara* factor eight favored transfer because "neither Plaintiffs nor [Defendant] has a connection with Delaware other than [Defendant's] incorporation status"). Conversely, Drake, the FedEx driver involved in the alleged underlying incident, and any other witnesses of the event are likely located in Texas.

### 9.    Relative Administrative Difficulty Due to Court Congestion

This factor is neutral. This civil dockets of this Court and the District Court in the Northern District of Texas are similar in size. *See U.S. District Courts— Combined Civil and Criminal Federal Court Management Statistics* (September 30,

2024), ADMIN OFF. OF THE U.S. CTS., https://www.uscourts.gov/data-news/data-tables/2024/09/30/federal-court-management-statistics/n-a-1 [https://perma.cc/D3UJ-PURG] (reporting that 466 civil cases per active judgeship were filed in the Northern District of Texas and 383 civil cases per active judgeship were filed in the District of Delaware between October 1, 2023 and September 30, 2024).

### 10. Local Interest in Deciding Local Controversies at Home

This factor favors transfer. Because the alleged civil rights violation happened in Texas and because of the sanctions imposed against Drake by the Fifth Circuit, the Northern District of Texas has a strong interest in deciding the dispute. Delaware has no connection to, or interest in addressing, the alleged events giving rise to this action.

### 11. Public Policies of the Fora

This factor favors transfer. Drake's complaint alleges that he experienced "systemic race discrimination" in Dallas, Texas. D.I. 2 at 2. Texas therefore has an interest in deciding the merits of Drake's claims and ensuring their consistent adjudication. Delaware has no interest in addressing Drake's claims. Although "Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts," that "concern is irrelevant since [Plaintiff] is not a Delaware corporation, and the defendant[s], which [are] Delaware corporation[s],

[do] not want to litigate here." *Realtime Data LLC v. Egnyte, Inc.*, 2018 WL 5724040, at *6 (D. Del. Nov. 1, 2018).

### 12. Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases

This factor is neutral, as this case is not a diversity action and does not implicate state law. S*ee Puff Corp. v. KandyPens, Inc.*, 2020 WL 6318708, at *6 (D. Del. Oct. 28, 2020).

\* \* \* \*

In sum, of the twelve *Jumara* factors, six weigh in favor of transfer and six are neutral. Considered in their totality, the factors weigh strongly in favor of transfer to the Northern District of Texas.

### IV. CONCLUSION

For the reasons discussed above, I will grant Defendants' motion insofar as it seeks the transfer of the case to the Northern District of Texas. I will deny the motion without prejudice insofar as it seeks dismissal of the case.

The Court will issue an Order consistent with this Memorandum Opinion.